OPINION
{¶ 1} Defendant-appellant, Lonnie Rarden, appeals the decision of the Butler County Court of Common Pleas sentencing him to ten months in prison for violating the terms of his community control. We affirm the trial court's decision.
 {¶ 2} In April 1999, appellant pled guilty to two counts of aggravated menacing in violation of R.C. 2903.21 and one count of attempted aggravated assault in violation of R.C. 2923.02. The trial court convicted appellant of those counts. The aggravated menacing counts were first-degree misdemeanors while the attempted aggravated assault count was a fifth-degree felony.
 {¶ 3} For the first count of aggravated menacing, the trial court sentenced appellant to a six-month jail term and a $500 fine. For the second count of aggravating menacing, the trial court sentenced appellant to a four-month jail term and a $500 fine, the jail term to run consecutively to the first count. For the attempted aggravated assault count, the trial court sentenced appellant to five years of community control, to be served following appellant's jail terms for the misdemeanor convictions. The trial court judge informed appellant that if he violated the terms of his community control, he would receive a ten-month prison sentence.
 {¶ 4} Appellant served his six-month and four-month jail terms for the two aggravated menacing counts and was released on community control. Appellant subsequently violated the terms of his community control by committing new crimes. After a hearing at which appellant admitted to violating the terms of his community control, the trial court ordered appellant to serve ten months in prison. The trial court granted appellant 117 days of jail time credit for the time he spent in jail pending the resolution of his community control violation.
 {¶ 5} Appellant then filed a motion asking the trial court to grant him ten additional months of jail time credit for the time he served for the aggravated menacing counts. The trial court denied appellant's motion. Appellant now appeals the denial of that motion, assigning two errors.
Assignment of Error No. 1
 {¶ 6} "THE TRIAL COURT ERRED BY IMPOSING A TEN MONTH PRISON SENTENCE ON A FELONY OF THE FIFTH DEGREE CONSECUTIVE TO A TEN MONTH SENTENCE FOR LOCAL JAIL TIME ON TWO RELATED MISDEMEANERS [SIC] AND BY FAILING TO GRANT JAIL TIME CREDIT FOR THE TIME SERVED ON THE RELATED MISDEMEANERS [SIC]."
 {¶ 7} In this assignment of error, appellant argues that the trial court erred by ordering appellant to serve his felony prison sentence consecutively to his jail sentences for his misdemeanor convictions. According to appellant, Ohio law requires that the sentences for his misdemeanor convictions be served concurrently with his sentence based on his felony conviction. Therefore, appellant argues, the trial court should have credited the ten months appellant served in jail for his misdemeanor convictions toward the ten-month prison sentence he received for violating the community control imposed by the trial court for his felony conviction.
 {¶ 8} In support of his argument, appellant quotes the portion of R.C. 2929.41(A) stating that "[a] sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution."
 {¶ 9} R.C. 2929.41(A) applies in situations where the trial court orders multiple "prison term[s] or sentence[s] of imprisonment." A "prison term" is defined as: (1) a stated prison term; (2) a term in prison shortened by, or with the approval of, the sentencing court; or (3) a term in prison extended by bad time. R.C. 2929.01(CC). Similarly, "imprisonment" means actual confinement. See State v. Myers (May 29, 1996), Wayne App. No. 95CA0074. A community control sanction, by definition, is not a prison term. R.C. 2929.01(F).
 {¶ 10} Appellant's sentences do not implicate R.C. 2929.41(A). At his original sentencing hearing, appellant received a total of ten months in jail for his misdemeanor convictions, and community control for his felony conviction. Appellant did not receive a "sentence of imprisonment" for his felony conviction to be served consecutively to his sentence of imprisonment for his misdemeanor. Therefore, the trial court did not violate the statute.
 {¶ 11} The trial court later imposed a ten-month prison sentence because appellant violated his community control conditions. However, the fact that appellant was subsequently ordered to serve this sentence following his service of the jail terms for the misdemeanor convictions does not amount to a violation of R.C. 2929.41(A). The trial court did not impose consecutive "sentences of imprisonment" for a misdemeanor and a felony violation. The trial court imposed a sentence for the misdemeanor convictions, and then, several years later, imposed a sentence for a community control violation. "The subsequent imposition of a sentence of imprisonment on revocation of a community control sentence does not retroactively raise R.C. 2929.41(A) issues, even though the community control was imposed at the same time a prison term was imposed for a misdemeanor offense." State v. Keys (Sept. 29, 2000), Franklin App. No. 99AP-1116, 2000 WL 1455308, at *2. See, also, State v. Milici
(Apr. 3, 1996), Wayne App. No. 95CA0053, 1996 WL 148634, at *1.
 {¶ 12} Accordingly, we find no error in the trial court's sentencing decision. Appellant is not entitled to jail time credit for the ten months he served for his misdemeanor convictions. His first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 13} "THE TRIAL COURT ERRED BY IMPOSING A TEN MONTH PRISON SENTENCE ON A FELONY OF THE FIFTH DEGREE CONSECUTIVE TO A TEN MONTH SENTENCE OF LOCAL JAIL TIME ON TWO MISDEMEANERS [SIC] AND BY FAILING TO GRANT JAIL TIME CREDIT FOR THE TIME SERVED ON THE RELATED MISDEMEANERS [SIC]."
 {¶ 14} In this assignment of error, appellant argues that the trial court's judgment entry is ambiguous as to whether it is ordering consecutive or concurrent sentences. According to appellant, we should presume that the trial court was ordering concurrent sentences for the misdemeanors and the felony because of this supposed ambiguity. Therefore, appellant argues that he should receive jail time credit for the time he served for the misdemeanor convictions because the trial court intended that time to run concurrently with the felony sentence.
 {¶ 15} We reject appellant's argument because the trial court's judgment entry is not ambiguous. In the judgment entry, the trial court ordered that the jail sentences for the two misdemeanors be served consecutively. The judgment entry also indicated that the community control imposed for the felony conviction would commence after appellant served his jail sentences for the misdemeanor convictions. The judgment entry stated that appellant would receive a ten-month prison sentence if he violated the terms of his community control. At the sentencing hearing, the trial court clearly informed appellant of the same.
 {¶ 16} Therefore, it was clear that the trial court was ordering consecutive sentences for the misdemeanor convictions followed by community control for the felony conviction. The judgment entry was not ambiguous and did not indicate that the sentences for the misdemeanors would be served concurrently to the ten months imposed if appellant violated his community control. Accordingly, appellant is not entitled to the jail time credit he seeks. Appellant's second assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.